The order below is hereby signed.

Signed: May 01, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| EXECUTIVE PERSONNEL | ) | Case No. 08-00210 |
| SERVICES, INC., | ) | (Chapter 11) |
| | ) | Not for Publication in |
| Debtor. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION REGARDING FAILURE TO SERVE MOTION TO
USE CASH COLLATERAL ON THE ENTITIES LISTED UNDER RULE 1007(d)

This decision addresses whether the court may enter a final order proposed by the debtor and its secured lender with respect to the debtor's Motion for Order Authorizing Use of Cash Collateral ("the Motion").

I

The debtor served notice of an interim hearing on the Motion on the entities listed under Rule 1007(d), and the court entered an interim order and then a further interim order on the Motion. However, the debtor's attorney's certificate of service does not reflect that he served the Motion itself on those entities. After the court entered the interim order on the Motion and after the court entered the further interim order on the Motion, the

debtor neglected to notify the entities listed under Rule 1007(d) of the final hearing on the Motion.  With respect to the forthcoming final hearing on the Motion, the debtor and the secured lender have now filed a consent final order regarding the use of cash collateral that would provide additional protections to the lender.  Notice of that proposed order has not been sent to the entities listed under Rule 1007(d).

                                II

As amended effective December 1, 2007, Rule 4001(b) ("Use of Cash Collateral") provides:

> **(1) Motion; service**.
>
> **(A) Motion**.  A motion for authority to use cash collateral shall be made in accordance with Rule 9014 and shall be accompanied by a proposed form of order.
>
> **(B) Contents**.  The motion shall consist of or (if the motion is more than five pages in length) begin with a concise statement of the relief requested, not to exceed five pages, that lists or summarizes, and sets out the location within the relevant documents of, all material provisions, including:
>
>> (i) the name of each entity with an interest in the cash collateral;
>>
>> (ii) the purposes for the use of the cash collateral;
>>
>> (iii) the material terms, including duration, of the use of the cash collateral; and
>>
>> (iv) any liens, cash payments, or other adequate protection that will be provided to

>    each entity with an interest in the cash
>    collateral or, if no additional adequate
>    protection is proposed, an explanation of why
>    each entity's interest is adequately
>    protected.
>
>    **(C) Service**.  The motion shall be served on:
>    (1) any entity with an interest in the cash
>    collateral; (2) any committee elected under § 705
>    or appointed under § 1102 of the Code, or its
>    authorized agent, or, if the case is a chapter 9
>    municipality case or a chapter 11 reorganization
>    case and no committee of unsecured creditors has
>    been appointed under § 1102, the creditors
>    included on the list filed under Rule 1007(d); and
>    (3) any other entity that the court directs.
>
>    **(2) Hearing**.  The court may commence a final
> hearing on a motion for authorization to use cash
> collateral no earlier than 15 days after service of the
> motion.  If the motion so requests, the court may
> conduct a preliminary hearing before such 15 day period
> expires, but the court may authorize the use of only
> that amount of cash collateral as is necessary to avoid
> immediate and irreparable harm to the estate pending a
> final hearing.
>
>    **(3) Notice**.  Notice of hearing pursuant to this
> subdivision shall be given to the parties on whom
> service of the motion is required by paragraph (1) of
> this subdivision and to such other entities as the
> court may direct.

Also pertinent to the issue of whether it would be proper to

enter the consent order resolving the Motion is Rule 4001(d)

("Agreement Relating to . . . Providing Adequate Protection [and

to] Use of Cash Collateral . . ."), which provides:

>    **(1) Motion; service**.
>
>       **(A) Motion**.  A motion for approval of any of
>    the following shall be accompanied by a copy of
>    the agreement and a proposed form of order:

3

        (i) an agreement to provide adequate protection;

        (ii) an agreement to prohibit or condition the use, sale, or lease of property;

        (iii) an agreement to modify or terminate the stay provided for in § 362;

        (iv) an agreement to use cash collateral; or

        (v) an agreement between the debtor and an entity that has a lien or interest in property of the estate pursuant to which the entity consents to the creation of a lien senior or equal to the entity's lien or interest in such property.

    **(B) Contents.** The motion shall consist of or (if the motion is more than five pages in length) begin with a concise statement of the relief requested, not to exceed five pages, that lists or summarizes, and sets out the location within the relevant documents of, all material provisions of the agreement. In addition, the concise statement shall briefly list or summarize, and identify the specific location of, each provision in the proposed form of order, agreement, or other document of the type listed in subdivision (c)(1)(B). The motion shall also describe the nature and extent of each such provision.

    **(C) Service.** The motion shall be served on: (1) any committee elected under § 705 or appointed under § 1102 of the Code, or its authorized agent, or, if the case is a chapter 9 municipality case or a chapter 11 reorganization case and no committee of unsecured creditors has been appointed under § 1102, on the creditors included on the list filed under Rule 1007(d); and (2) on any other entity the court directs.

    **(2) Objection.** Notice of the motion and the time within which objections may be filed and served on the debtor in possession or trustee shall be mailed to the parties on whom service is required by paragraph (1) of

>    this subdivision and to such other entities as the
>    court may direct. Unless the court fixes a different
>    time, objections may be filed within 15 days of the
>    mailing of notice.
>
>        **(3) Disposition; hearing**.  If no objection is
>    filed, the court may enter an order approving or
>    disapproving the agreement without conducting a
>    hearing. If an objection is filed or if the court
>    determines a hearing is appropriate, the court shall
>    hold a hearing on no less than five days' notice to the
>    objector, the movant, the parties on whom service is
>    required by paragraph (1) of this subdivision and such
>    other entities as the court may direct.
>
>        **(4) Agreement in settlement of motion**.  The court
>    may direct that the procedures prescribed in paragraphs
>    (1), (2), and (3) of this subdivision shall not apply
>    and the agreement may be approved without further
>    notice if the court determines that a motion made
>    pursuant to subdivisions (a), (b), or (c) of this rule
>    was sufficient to afford reasonable notice of the
>    material provisions of the agreement and opportunity
>    for a hearing.

With respect to the requirement in Rule 4001(d)(1)(B) that the motion "briefly list or summarize, and identify the specific location of, each provision in the proposed form of order, agreement, or other document of the type listed in subdivision (c)(1)(B)," the types of provisions listed in the referenced subdivision (Rule 4001(c)(1)(B)) are:

>    (i) a grant of priority or a lien on property of
> the estate under § 364(c) or (d);
>
>    (ii) the providing of adequate protection or
> priority for a claim that arose before the commencement
> of the case, including the granting of a lien on
> property of the estate to secure the claim, or the use
> of property of the estate or credit obtained under §
> 364 to make cash payments on account of the claim;
>
>    (iii) a determination of the validity,

enforceability, priority, or amount of a claim that arose before the commencement of the case, or of any lien securing the claim;

    (iv) a waiver or modification of Code provisions or applicable rules relating to the automatic stay;

    (v) a waiver or modification of any entity's authority or right to file a plan, seek an extension of time in which the debtor has the exclusive right to file a plan, request the use of cash collateral under § 363(c), or request authority to obtain credit under § 364;

    (vi) the establishment of deadlines for filing a plan of reorganization, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order;

    (vii) a waiver or modification of the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien;

    (viii) a release, waiver, or limitation on any claim or other cause of action belonging to the estate or the trustee, including any modification of the statute of limitations or other deadline to commence an action;

    (ix) the indemnification of any entity;

    (x) a release, waiver, or limitation of any right under § 506(c); or

    (xi) the granting of a lien on any claim or cause of action arising under §§ 544, 545, 547, 548, 549, 553(b), 723(a), or 724(a).

### III

At today's hearing, the parties shall be prepared to address the foregoing. The Motion does not contain some of the contents required by Rules 4001(b)(1)(B) and 4001(d)(1)(B). If the debtor

never served the Motion on the entities listed under Rule 1007(d), I fail to see how I can enter the proposed consent order as a final order.  Moreover, if the Motion was never served, it could hardly serve as a basis under Rule 4001(d)(4) for negating the necessity for notice of a 15-day opportunity to object to the entry of the proposed order.  Although Rule 4001(b)(2) authorizes granting a motion to use cash collateral on an interim basis (to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing), creditors have not received notice of the hearing set for today.  The remedy may be for the debtor to revise the Motion to comply with the contents requirements of Rule 4001 and give notice of an interim hearing under Rule 4001(b)(2).

                                      [Signed and dated above.]

Copies to:

Debtor

Richard H. Gins, Esquire
3 Bethesda Metro Center
Suite 430
Bethesda, Maryland 20814

Office of the U.S. Trustee
115 S. Union Street, Suite 210
Alexandria, Virginia 22314

John G. McJunkin, Esquire
DLA Piper US LLP
1775 Whiele Ave. Suite 400
Reston, Va. 20190

Gregory T. DuMont, Esquire
Suite 900
1620 L Street, N.W.
Washington, D.C. 20036-5605